## HICKOK *vs.* HICKOK.

Where a person, intrusted with a note against a third person, by the owner, for collection, receives the money thereon, but neglects to pay it over, an action will lie against him, without a previous demand.

And if suit is not brought within six years, the statute of limitations is a bar. Such a person does not stand in the relation of a trustee, so as to deprive him of the benefit of the statute.

THE defendant was intrusted by the plaintiff with a note against a third person, to collect for the plaintiff. He received the money, in 1828, and on being called on for the money, in

Hickok *v.* Hickok.

1850, he denied having received it. This action being commenced in 1850, he relied on the statute of limitations as a bar. The plaintiff was nonsuited, at the trial, on that defense, and he appealed to this court.

*W. C. Bentley*, for the appellant, insisted that the defendant stood in the relation of a trustee to the plaintiff, and could not be sued until after demand made. That the statute of limitations did not apply to the case, and if it did, that it commenced running from the demand, and not before.

*H. Sturges*, for the defendant.

*By the Court*, SHANKLAND, J. The case of *Lillie* v. *Hoyt*, (5 *Hill*, 395,) establishes the doctrine that the duty of an agent, to receive money and pay it over, is broken if he does not pay it over in a reasonable time; and that an action will lie against him without a demand. The case of a foreign factor, and perhaps that of an attorney at law, are the only exceptions the case recognizes.

The defendant was not an attorney at law, and is not within the reason of the rule which exempts them from an action, without a previous demand. The statute of limitations was a valid defense to this action. Although the defendant may have acted dishonestly, by denying the receipt of the money, yet that is a matter of conscience, with which the court has nothing to do.

The defendant did not stand in the relation of a trustee, so as to deprive him of the benefit of the statute. (15 *Wend.* 302.)

The judgment must be affirmed.

[CORTLAND GENERAL TERM, September 14, 1852. *Mason, Shankland, Gray* and *Crippen*, Justices.]