HENRIETTA W. WOOD, Appellant, v. HORACE G. YOUNG, as Executor, etc., Respondent.

The duty rests upon a party receiving money for the use of another to pay it over as soon as received, or, at least, within a reasonable time, and an action is maintainable by the latter to recover the same without demand.

*It seems* that in the case of an attorney who has collected money for a client, the Statute of Limitations begins to run against the latter's cause of action from the time he has knowledge of the collection.

Plaintiff executed to her half-brother C., defendant's testator, a power of
attorney, authorizing him to collect the amount of an insurance policy
held by her upon the life of her deceased husband. C. collected the
amount, and without the consent of plaintiff appropriated it to his
own use, and never paid the same or any part thereof or accounted
to her therefor. On reference of a claim for the amount it appeared
that for more than ten years before the presentation of the claim, plain-
tiff supposed and believed C. had received the money, but that she never
demanded the same. *Held,* that the claim was properly dismissed on
the ground that it was barred by the Statute of Limitations; that no
trust or fiduciary relation existed between the parties growing out of
their relationship, which required a demand or actual knowledge of
the facts by plaintiff before the right of action accrued; and that the
only legal relation between the parties was that of debtor and creditor.

(Argued January 24, 1894; decided February 6, 1894.)

Appeal from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made September 12, 1893, which affirmed a judgment in
favor of defendant entered upon an order of Special Term
confirming the report of a referee.

This was a reference under the statute of a disputed claim
presented by plaintiff to defendant as executor of the will of
Thomas Cornell, deceased.

The facts, so far as material, are stated in the opinion.

*F. L. Westbrook* for appellant. The referee should have
found the conclusions of law proposed by the plaintiff, that
the action is not barred by the Statute of Limitations; that
the Statute of Limitations did not begin to run against the
plaintiff until the demand made for the money in September,
1892, and that plaintiff is entitled to recover the money so
collected by Thomas Cornell. (*People* v. *Gilbert,* 18 Johns.
228; *Wilcox* v. *Fitch,* 20 id. 472; *U. S.* v. *Thompson,* 98 U.
S. 486; *Hulbert* v. *Clark,* 128 N. Y. 297; Code Civ. Pro.
§§ 381, 413; *Andrews* v. *Moller,* 37 Hun, 482; *Comby* v.
*Smith,* 78 Mo. 41; *Lewis* v. *Mason,* 84 Va. 731; *Street* v.
*Chapman,* 29 Ind. 142; Wood on Limitations, 85, 87, 88.)
The conclusion of law of the referee that this action is barred

by the six years' limitation of the statute is not only wrong for the reason that it is an action on a sealed instrument, but for the reason that even if it is based on an implied promise arising outside of the instrument it comes within the provisions of section 410 of the Code of Civil Procedure. (*Bigelow* v. *Bemis*, 2 Allen, 496 ; *Acker* v. *Acker*, 81 N. Y. 143, 148 ; *People* v. *French*, 31 Hun, 618 ; *Patterson* v. *Gaines*, 6 How. [U. S.] 601, 602 ; *Rathburn* v. *Ingalls*, 7 Wend. 320 ; *Wood* v. *Rabe*, 96 N. Y. 426 ; *Reitz* v. *Reitz*, 80 id. 543 ; Code Crim. Pro. § 410.) If it should be argued by respondent that Cornell, having converted the plaintiff's money to his own use, and that made him liable to an action for trover and conversion, and that in such actions the Statute of Limitations begins to run at the time of the conversion, whether or not plaintiff knew of the conversion, we answer : This action is for a breach of contract, and the rule in trover or conversion does not apply. (*Lamb* v. *Clark*, 5 Pick. 193.) The Statute of Limitations did not begin to run in favor of Cornell or his estate until the demand made for the money received by him for the policy of insurance, for the reason that he was a bailee or depositary of it. (*Payne* v. *Gardiner*, 29 N. Y. 146, 172 ; *Boughton* v. *Flint*, 74 id. 476, 482 ; *Van Allen* v. *Bank*, 52 id. 1 ; *Baker* v. *Bank*, 100 id. 33 ; *Holmes* v. *Gilman*, 138 id. 376.) This action was not barred by the Statute of Limitations for the reason that Cornell was a trustee of an express trust. (*Urann* v. *Coates*, 109 Mass. 585 ; *King* v. *Mackellar*, 109 N. Y. 215 ; *Comstock's Appeal*, 55 Conn. 214, 221 ; *Hamer* v. *Sidway*, 12 N. Y. 549, 550 ; *Lamb* v. *Clark*, 5 Pick. 197 ; *Mills* v. *Mills*, 115 N. Y. 80.) The referee held that Cornell was a mere collecting agent, and that in such case the statute begins to run when the money was received, and the remedy to recover it was barred in six years from that time. This was error. (*Taylor* v. *Bates*, 5 Cow. 376 ; *Hays* v. *Stone*, 7 Hill, 131 ; *Stocking* v. *Hunt*, 3 Den. 276 ; *Gilman* v. *Cutts*, 23 N. H. 376 ; *State* v. *Clark*, 7 Ind. 468 ; *Patterson* v. *Gaines*, 6 How. [U. S.] 601 ; *H. I. Co.* v. *Alger*, 54 N. Y. 177 ; *Bork* v. *Martin*, 132 id. 285.) Any competent evidence which

tends to show that the debt is unpaid is admissible for that purpose. (*Jackson* v. *Sackett*, 7 Wend. 94; *Read* v. *Read*, 46 Penn. St. 239; *Morris* v. *Wadsworth*, 17 Wend. 103; *Bean* v. *Tonnelle*, 94 N. Y. 385, 386; *Walker* v. *Robinson*, 136 Mass. 280; *Felon* v. *Dickerson*, 10 id. 207; *Mullen* v. *Whipple*, 1 Gray, 323.)

*A. T. Clearwater* for respondent. The plaintiff's claim is barred by the Statute of Limitations. (*Mills* v. *Mills*, 115 N. Y. 80; *Stacy* v. *Graham*, 14 id. 492; *In re Cole*, 34 Hun, 320; *Compton* v. *Elliott*, 16 J. & S. 211; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331; *Sheldon* v. *Sheldon*, 133 id. 1; *Thatcher* v. *H. C. Assn.*, 126 id. 507; *Hickok* v. *Hickok*, 13 Barb. 632; *Lillie* v. *Hoyt*, 5 Hill, 395; *Carr* v. *Thompson*, 87 N. Y. 160; *King* v. *Mackellar*, 109 id. 215; *Bronson* v. *Munson*, 29 Hun, 54; *Lammer* v. *Stoddard*, 103 N. Y. 672; *Bruce* v. *Tilson*, 25 N. Y. 194, 198; *In re Neilley*, 95 id. 382.) The case is not within the exception of the provisions of section 410 of the Code of Civil Procedure. (*Howard* v. *France*, 43 N. Y. 593; *Wheeler* v. *Warner*, 47 id. 579; *Lammer* v. *Stoddard*, 103 id. 672; *Mills* v. *Mills*, 115 id. 80; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Thatcher* v. *H. C. Assn.*, 126 N. Y. 517; *Hickok* v. *Hickok*, 13 Barb. 632; Code Civ. Pro. § 829; *Flagg* v. *Ruder*, 1 Bradf. 192; *Bean* v. *Tonnele*, 94 N. Y. 581–585; *Macauley* v. *Palmer*, 125 id. 742; *Sheldon* v. *Sheldon*, 133 id. 1–5; *Read* v. *Gannon*, 50 id. 345, 350; *Kettlewill* v. *Watson*, L. R. [21 Ch.] 704; 2 Pom. Eq. Juris. 40, §§ 595, 596, 606.) Particularly is the statute applicable to such cases as the one at bar, in which the party having knowledge of all the facts is dead, and the mouths of his legatees are closed by the provisions of section 829 of the Code of Civil Procedure. (*U. S.* v. *Wiley*, 11 Wall. 508, 513; *Spring* v. *Gray*, 5 Mass. 523; *Philip* v. *Pope*, 10 B. Mon. 163; *McCarty* v. *White*, 21 Cal. 495; *Dickinson* v. *McCamy*, 5 Ga. 486; *McClung* v. *Silliman*, 3 Pet. [U. S.] 270; *Gautier* v. *Franklin*, 1 Tex. 732; *Gorman* v. *Judge of Newaggo Circuit*, 27 Mich. 138; *Roberts* v. *Pillow*,

Hemp. 624; *U. S.* v. *Wilder*, 13 Wall. 251; *Teackle* v. *Gibson*, 8 Md. 70; *Croker* v. *Cleman*, 23 Ala. 296; *Platt* v. *Northam*, 5 Mass. 95; *Bailey* v. *Carter*, 7 Ired. [N. C.] Eq. 282; *Hovend* v. *Lord Anesley*, 2 Sch. & Lef. 607, 629; *Wilhelm* v. *Caylor*, 32 Md. 151; *Ayer* v. *Stuart*, 14 Minn. 97; *Dodge* v. *E. Ins. Co.*, 12 Gray, 65; *Longworth* v. *Hunt*, 11 Ohio, 194, 201; 2 Story's Eq. Juris. § 1520; *Harris* v. *Saunders*, 4 B. & C. 411; *Beatty* v. *Burns*, 8 Cranch, 98; *Chiveley* v. *Bond*, 4 Md. 105; *Harcourt* v. *White*, 28 Beav. 303; *McDonald* v. *White*, 11 H. L. Cas. 750; *Hunt* v. *Ellison*, 32 Ala. 173; *Hamlin* v. *Mebane*, 1 Jones [N. C.] Eq. 18; *Wilson* v. *Anthony*, 19 Ark. 16; *Askew* v. *Hooper*, 28 Ala. 634; *Palmer* v. *Malone*, 1 Heisk. 549; *New Albany* v. *Burke*, 11 Wall. 96; *Badger* v. *Badger*, 2 Cliff. C. C. 137; *Mobley* v. *Cureton*, 2 S. C. 140; *Havens* v. *Patterson*, 43 N. Y. 218.)

O'Brien, J. The plaintiff is the half sister of Thomas Cornell, who died in the month of March, 1890, leaving a will of which the defendant is the executor. On the 26th of September, 1892, the plaintiff presented the claim which is the subject of this controversy against his estate to the executor, in which she demanded, as her due, the sum of $5,000, with interest thereon from the first day of April, 1876. The claim was disputed by the executor and referred under the statute applicable in such cases, and the referee dismissed the claim upon the ground that it was barred by the Statute of Limitations. His report was confirmed by the court and the judgment entered thereon affirmed at the General Term. The facts upon which the decision rests are not disputed, and the only question presented is one of law with respect to the application of the statute to these facts. On the 25th of February, 1871, the plaintiff insured her husband's life for $5,000, payable to her upon his death. He died on the 29th of January, 1876, and proofs of death were filed and the policy, having matured, and the claim perfected she was entitled to receive the amount from the insurance company. On the 26th of

February, 1876, the plaintiff executed to the deceased a power of attorney authorizing him to demand and receive from the company the moneys due her under the policy, and they were actually paid to him on the 15th of April following, namely, the sum of $5,298.45. The referee has found that the deceased knew that the sum so received by him belonged to the plaintiff, and that for more than ten years prior to the presentation of her claim the plaintiff supposed and believed that her brother had collected and received the money. There are also special findings to the effect that during all the time from the receipt of the money to the death of the testator, the plaintiff and her brother resided in the same county within about eight miles of each other; that their relations were cordial and intimate, frequently visiting each other, but that the plaintiff never demanded of the deceased the money so collected by him for her. It is then found that the deceased, without the consent of the plaintiff, appropriated the avails of the policy collected by him to his own use, and never paid over the same nor any part thereof to her, nor accounted to her therefor. The proof at the trial showed that the deceased, upon receiving the money, deposited the same to his own credit in a bank where his business was done, and that about the same time the deceased paid certain notes, drafts or other obligations of plaintiff's husband, upon some of which he was liable as indorser, amounting to a larger sum. There is no finding or proof that the plaintiff ever consented to this use of the money, so that the liability of the defendant, as the representative of the estate, must be determined upon the facts as found.

By section 382 of the Code an action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument, is barred after the lapse of six years from the time when the cause of action accrued. By section 410, wherever a demand is necessary to entitle a party to maintain the action, the statute begins to run only from the time of the demand, except with respect to certain cases mentioned in the first subdivision of the section, as to which the statute begins

to run from the time when the person having the right to make the demand has actual knowledge of the facts upon which the right depends. If, upon the receipt by the deceased of the money and the deposit by him of the same to his credit in the bank, the plaintiff could have maintained an action for its recovery at once, and without any demand whatever, then the decision of the referee was clearly correct and this appeal cannot be sustained. The learned counsel for the plaintiff contends with much earnestness, in an argument that shows great care and research in its preparation, that some trust or fiduciary relation existed between the parties growing out of their relationship to each other, and from the nature of the transaction, which required a demand to be made, or at least actual knowledge of the facts upon which that right depended, before the right to maintain the action was complete. But after a careful consideration of the authorities cited, and of all the reasons urged in support of his theory of the case, we are of the opinion that his position cannot be sustained.

The facts of the case establish no other legal relations between the parties than that of debtor and creditor. The deceased had received from the insurance company moneys that belonged to the plaintiff by her direction and authority. It was the ordinary case of the receipt of money by one to and for the use of another, in which the duty rests upon the party receiving the money, from the moment of its receipt, to pay it over to the party for whose use it was received. It was the plaintiff's money. The deceased had no lien upon it — no right to retain it, nor any trust duty to discharge in respect to it. The law imposed upon him the obligation to pay it over to the plaintiff as soon as received, or at least within a reasonable time. There was nothing in the circumstances under which the money came to the hands of the testator from which the right or duty can be implied to hold it until actually called for by the owner. The obligation of the party who has received the money in such cases to pay it over, and his liability in an action to recover the same, without any demand before suit, has been firmly settled by a long line of cases that

cannot be distinguished from this by any sound distinction. (*Mills* v. *Mills*, 115 N. Y. 80; *Adams* v. *Olin*, 140 id. 150; *Sheldon* v. *Sheldon*, 133 id. 1; *Roberts* v. *Ely*, 113 id. 128; *Middleton* v. *Twombly*, 125 id. 520; *Diefenthaler* v. *Mayor*, etc., 111 id. 331; *Jex* v. *Mayor*, etc., Id. 339; *Stacy* v. *Graham*, 14 id. 492; *Carr* v. *Thompson*, 87 id. 160; *King* v. *Mackellar*, 109 id. 215; *Lammer* v. *Stoddard*, 103 id. 672; *In re Neilley*, 95 id. 382; *Lillie* v. *Hoyt*, 5 Hill, 395; *Hickok* v. *Hickok*, 13 Barb. 632.)

The case of an attorney at law or a foreign factor is, perhaps, an exception to this general rule. An attorney at law has a lien upon the funds of his client collected in his professional capacity. By the common law he was not subject to an action for moneys so collected until after demand and refusal to pay, except in cases where he had applied the money to his own use, or otherwise wrongfully dealt with it. (*Taylor* v. *Bates*, 5 Cowen, 376.) When an attorney has acted in good faith with respect to the money of his client which he has collected, he should be protected from the costs of a suit until, upon demand, he neglects or refuses to pay. But if the client has knowledge of the receipt of the money by the attorney, then the Statute of Limitations will begin to run from the time when the client had such knowledge, because upon that his right to make the demand may be said in such cases to depend. (*Bronson* v. *Munson*, 29 Hun, 54.)

This exception to the general rule is, however, based upon reasons that have no application to this case. But even if we could apply the same rule governing actions against an attorney at law, still the finding as to the knowledge by the plaintiff of the receipt of the money would set the statute running from that time and so defeat the claim.

Our conclusion is that there was no error in the decision of the referee, and that the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.