(5 App. Div. 582.)

## LAUFER v. SAYLES.

(Supreme Court, Appellate Division, Third Department.　May 21, 1896.)

1. JURY—RIGHT TO TRIAL BY.

A complaint alleged that defendant, while acting as plaintiff's attorney, received certain chattels and money, including the rents of real estate belonging to plaintiff, and fraudulently retained the same for his own use; that, when plaintiff called on him for a settlement, he claimed to have a deed of the real estate, but that plaintiff never executed the deed, and that, if any existed, it was procured by fraud. Judgment was demanded that defendant account for money and property received by him; that plaintiff recover damages for breach of defendant's contract, and for such other relief as might be just and equitable. Plaintiff did not show that defendant received any money or property. *Held,* that the cause of action was equitable and therefore triable by the court without a jury.

2. LIMITATION OF ACTIONS—INJURY TO PROPERTY.

A complaint alleged that defendant, as plaintiff's attorney, had the management of certain real estate and the collection of rents; that he failed to pay over rents collected; that, when plaintiff called on him to account for such rents, she discovered that he had sold and conveyed the premises, claiming to have a deed from her; and that such deed, if any existed, was obtained by fraud. Judgment was asked that defendant be required to account for the rents and for the value of the premises. *Held* that, if the claim as to the deed was treated as an action for damages for the fraudulent procurement of a deed, and the consequent destruction of plaintiff's title, it would be an action for "injury to property" (Code Civ. Proc. § 3343, subd. 10), and therefore within the limitation prescribed by section 382, subd. 3.

Appeal from circuit court, Madison county.

Action by Elizabeth Laufer against Joseph I. Sayles to compel defendant to account to plaintiff for money and property received by him while acting as plaintiff's attorney, to recover damages for breach of defendant's contract of employment as plaintiff's attorney, and for such other relief as may be just and equitable. Judgment was entered in favor of defendant, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Homer Weston, for appellant.
Sayles, Searle & Sayles, for respondent.

MERWIN, J.　The plaintiff claims, as a ground of reversal of the judgment herein, that she has been improperly deprived of the right of trial by jury.

It is alleged by the plaintiff in her amended complaint that, being in need of legal services, she made an arrangement with the defendant, an attorney and counselor at law, by which he personally became her attorney and she his client, he agreeing to conduct and care for all her matters which she might place in his hands, and account to her on demand; that, pursuant to this agreement, she placed in his hands a suit brought against her by one Deal, her then husband, for a divorce, and in December, 1882, he, for her, put in an answer, denying the charges made against her and setting up a counterclaim; that such proceedings were taken that her husband settled the action and paid the defendant about $2,000, which he

retained for his own use, though duly demanded by the plaintiff, and of which the plaintiff had no knowledge until recently; that in 1883 the defendant brought for her a suit for the conversion of certain chattels, and in May, 1884, obtained a judgment in her favor for about $1,900, and at about the same time settled the same, receiving the property or its proceeds, of which plaintiff had no knowledge until recently, and no part of which has been delivered to or paid to plaintiff, though demanded; that, at the time she retained the defendant, she owned some real estate in the village of Oneida, and, having difficulty in collecting the rents, she placed the same in the care of defendant, under the same agreement as her other legal matters, and he from 1883 had charge of the same, collected rents, and paid a portion of the same to the plaintiff, but there is still in his hands about the sum of $720; that, in May, 1892, when the plaintiff sought of defendant a settlement in regard to the real estate, he claimed that he owned the said real estate, under a deed from plaintiff, bearing date February 8, 1884, and recorded August 13, 1887; that she never executed such a deed, and, if it exists, it was obtained by the fraud of defendant, and plaintiff had no knowledge of its existence until September 27, 1887; that her interest in the real property on the 27th of September, 1887, was the sum of $5,400; that the defendant, having the apparent title, conveyed it away before she discovered that he claimed to be owner, and she, as a result, has lost her title, and he has received the value thereof in the sum of about $5,400, claims to own the same. All these acts are alleged as breaches of the agreement of retainer, and it is alleged that, by reason thereof, the defendant is indebted to plaintiff in the sum of $9,920. Judgment is demanded that the defendant in all things account to the plaintiff for the money and property received by him in his capacity as attorney and counsel, especially in the matters therein specifically set forth, that the plaintiff recover her damages for the breach of defendant's contract in the sum stated, and that plaintiff have such other or further relief as may be just and equitable.

The defendant, in his answer, among other things, denies the receipt of any money in the settlement of the divorce action, or of any money or property in payment or settlement of the action of conversion; denies any fraud as to the real estate; and alleges that he has fully accounted for the rents. The statute of limitations is also set up, and a counterclaim for legal services.

The action was commenced September 6, 1893. When the case was moved for trial before the court and a jury, the defendant claimed that it was an equity action, not triable by jury. The point was overruled, and the plaintiff proceeded to give her evidence. She did not show that the defendant had ever received any money in settlement of the divorce action, or any money or property in settlement of the claim or judgment in conversion. As to the real estate, it appeared that, on December 13, 1880, it was deeded to the plaintiff by her sister, Mrs. Van Horn, there being then on the property a mortgage for $1,600. On the 17th of July, 1883, the plaintiff gave another mortgage on the property for $1,000, which she

borrowed of Mrs. Sayles, the money being procured and delivered to the plaintiff by the defendant. In August, 1883, the plaintiff directed the rents to be paid to the defendant, and the defendant accordingly collected the rents from August, 1883, to May 15, 1886, being the sum of $1,385, of which he paid to the plaintiff the sum of $665. The plaintiff testifies that she had a conversation with the defendant about what he was to do with the rent money. "He was to take care of the property, take the rent, and, if there was anything over what I had taken and interest on the mortgages, to let it run on the property, and I would go to work and try and pay off the mortgages." The last payment received by plaintiff from defendant was February 24, 1886, and, as she testifies, she had no conversation with him after that till 1889, 1890, or 1891. A deed of the property was put in evidence from the plaintiff to the defendant, dated February 8, 1884, and recorded August 13, 1887, for the consideration, as therein expressed, of $1,000; also, a deed from the defendant to Stark and Fish, dated February 14, 1887, and recorded August 13, 1887. The plaintiff testified that she never knowingly executed the deed to defendant, and that she first heard that defendant claimed to have it on September 27, 1887. There was evidence that the property, on February 8, 1884, was worth about $6,000. At the close of the plaintiff's case, it was held by the court—properly, we think—that the plaintiff had not made out a case as to her claims for money or property received in settlement of the divorce and conversion cases. The court also held that, as to the balance of her claims, which had reference to the rents and the real estate, the only available remedy of the plaintiff was in equity, and that, as to those matters, the case should be treated as an equitable one, and so triable before the court without a jury. The jury was thereupon discharged, and the case finished before the court alone.

The claim for rents, if treated as an action at law, accrued more than six years before the commencement of the action, and the plea of the statute of limitations would apply. The plaintiff knew, in 1886, that the defendant had received the money. Wood v. Young, 141 N. Y. 211, 218, 36 N. E. 193. If the claim as to the deed be treated as an action for damages for the fraudulent procurement of a deed and the destruction of plaintiff's title, it would be an action for an injury to property (Code Civ. Proc. § 3343, subd. 10), and so within subdivision 3 of section 382 (Miller v. Wood, 41 Hun, 600), and apparently barred by the lapse of time. No demand would be necessary. See Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Lammer v. Stoddard, 103 N. Y. 673, 9 N. E. 328. If treated as an action to procure a judgment, other than for a sum of money, on the ground of fraud, within subdivision 5 of section 382, it would be deemed an action in equity, and so triable by the court. See Carr v. Thompson, 87 N. Y. 160. In the complaint, by its terms, only one cause of action is stated, and equitable relief is sought, evidently upon the theory that that is essential to an adequate and full adjustment of the plaintiff's rights. Brigham v. Gott, 3 N. Y. Supp. 518. The plaintiff has not, we think, any ground for complaining of the manner of the trial.

In the final disposition of the case by the special term it was held that the defendant was chargeable with the value of the plaintiff's interest in the real estate at the time he conveyed it away. The plaintiff, however, claims that the amount of such charge against the defendant was less than she was entitled to. There was evidence on the part of the defendant tending to show that the plaintiff at the time was indebted to him in about the sum of $700 for legal services, over and above the balance in his hands of the rents. The special term in effect found that the interest of the plaintiff in the property, over and above the mortgages thereon, and in view of the claim of Mrs. Van Horn to set aside the deed from her to plaintiff, for which a suit was then pending, was not greater than the amount due defendant for legal services. The accounts between the parties were upon that theory deemed to be balanced, and the defendant for subsequent legal services for plaintiff in the matter of an indictment was awarded the sum of $56, without costs. The suit of Mrs. Van Horn was commenced in April, 1884, and she apparently claimed that the deed to her sister (the plaintiff) was only as security for advances. The plaintiff had stated, in January, 1883, in a verified petition in the divorce case, that she had no interest in the property, and held it in trust for other parties. She had received, in the loan from Mrs. Sayles and in rents, more than she paid her sister for or on account of the property. The defendant claimed that the deed to him was fully understood by the plaintiff, and was made to secure him for legal services, and to enable him to protect the mortgage to Mrs. Sayles. The suit of Mrs. Van Horn not only put in jeopardy the security of defendant for his services but also the $1,000 mortgage. In the transfer by the defendant, he only obtained payment of the mortgages, both then being under his control. He claims that he made the transfer with the assent of the plaintiff. The mortgages and the costs on the foreclosure of the first one amounted to about $3,200. The property, after the title was cleared up by the purchaser from defendant, and the claim of Mrs. Van Horn provided for, was sold at private sale for $5,250.

The plaintiff, in effect, claims that the defendant was bound, at his own expense, and at the risk of the $1,000 mortgage, to defend the suit of Mrs. Van Horn, and that, not having done so, he should be charged with the full value of the property over and above the mortgages. From the facts of this case as presented by the evidence on the part of the defendant, which the court had a right to believe, it might well be doubted whether the claim of Mrs. Van Horn could have been defeated. No sufficient reason is apparent that would have required the defendant at all hazards to defend. The plaintiff cannot well complain that the court below, in ascertaining the value of her interest in the property, took into account the pending litigation with Mrs. Van Horn, and the consequent impairment of plaintiff's title. The amount of such impairment and the value of defendant's services were matters of fact, to be determined from the evidence. No sufficient reason is apparent for this court to interfere. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.