KRUGER v. CONSTABLE et al. (two cases).

(Circuit Court of Appeals, Second Circuit. March 10, 1904.)

No. 123.

1. FEDERAL COURTS—WAIVER OF JURY—FINDINGS—REVIEW ON ERROR.

Where writs of error are prosecuted in cases tried to the court on stipulation waiving a jury trial, as authorized by Rev. St. U. S. § 649 [U. S. Comp. St. 1901, p. 525], providing that under such circumstances the court's findings of fact shall have the effect of a verdict of a jury, the court of appeals is limited to reviewing exceptions taken to the admission or exclusion of evidence, and to rulings on question of law.

2. DEEDS—WARRANTY OF TITLE—EVIDENCE.

In an action for breach of a warranty of title, a prior contract for the sale of the property, though inadmissible to contradict or vary the terms of the deed containing the warranty, was competent to show that the grantees, prior to the execution of the conveyance to them, knew of the existence of a certain map which included the property conveyed.

3. SAME.

In an action for breach of a warranty of title, certain deeds and mortgages made by plaintiff's grantors were admissible, as bearing on the

question of an alleged dedication by plaintiff's grantors while in possession of the property.

**4. SAME—PROCEEDINGS IN OTHER COURTS—RECORD—EFFECT.**

The proper admission, in an action for breach of a warranty of title, of the record of certain certiorari proceedings in a state court, did not render evidence in such proceedings admissible to prove the facts as against the parties to the case at bar.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 116 Fed. 722.

These two causes come here upon writs of error to review the judgments entered therein, dismissing the complaints in actions brought to recover damages for breach of warranty of title.

J. Delahunty, for plaintiff in error.

Jacob F. Miller, for defendants in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. These cases were heard and determined by the court upon a written stipulation, filed with the clerk, waiving a jury trial, under Rev. St. U. S. § 649 [U. S. Comp. St. 1901, p. 525]. The court has filed an exhaustive opinion reviewing all the facts, and finding that, upon the evidence, there is no proof to support the cause of action. Such finding has the same effect as the verdict of a jury. Rev. St. U. S. § 649; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 329, 45 L. Ed. 457; Hathaway v. Cambridge National Bank, 134 U. S. 494, 10 Sup. Ct. 608, 33 L. Ed. 1004.

On these writs of error, therefore, this court is confined to a review of exceptions taken to the admission or exclusion of evidence, or to rulings upon questions of law. Rev. St. U. S. § 700 [U. S. Comp. St. 1901, p. 570]; Walker v. Miller, 59 Fed. 869, 8 C. C. A. 331; Mercantile Trust Co. v. Wood, 60 Fed. 346, 8 C. C. A. 658.

Two exceptions only were taken in the course of the trial. One was founded upon an objection to the introduction of a prior contract for the sale of the property in question, on the ground that said contract was merged in a subsequent deed to plaintiff's grantors. This evidence was not admissible to contradict or vary the terms of the deed, and it does not appear that it was admitted for any such purpose. It was clearly admissible to show that the grantees, prior to said conveyance to them, knew of the existence of a certain map which included said lots.

The other exception is founded upon a formal objection to the introduction of certain deeds and mortgages made by plaintiff's grantors. This evidence was admissible as bearing upon the question of an alleged dedication by plaintiff's grantors while in possession of the property. This exception, however, is not discussed in the brief, and was not referred to in the argument of counsel.

Counsel for plaintiff does not question the correctness of the rulings of the court upon the questions of law, but only contends that the findings are not supported by the evidence. In view of the stipulation, these facts are not open to review in this court. The fatal error on

which his contention is based is that, because the record of certain certiorari proceedings in the New Jersey courts was properly admitted in these cases, the evidence therein is admissible to prove the facts as against the parties herein.

Independently of these considerations, however, we have examined the record and are satisfied that, in any view of the case, the conclusion reached by the court below was correct, and that there was no proof of a dedication of the land in question before the execution and delivery of the deeds to plaintiff's grantor.

The judgments are affirmed.