## SCHMID v. DOHAN.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

No. 113.

**1. APPEAL AND ERROR (§ 1008*) — REVIEW — QUESTIONS OF FACT—CONCLUSIVENESS OF FINDINGS.**

Where an action at law is tried by a Circuit Court without a jury by stipulation, a general finding is conclusive in the appellate court on all questions of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3969; Dec. Dig. § 1008.*]

**2. LIMITATION OF ACTIONS (§ 95*) — ACTION BY PRINCIPAL FOR ACCOUNTING — LIMITATION.**

Where imported merchandise is sold by the importer "in bond, actual duty" and all refunds of duties belonging to the purchaser, the importer becomes his agent for their collection; and, since the purchaser cannot recover them from his agent without demand, limitation does not begin to run against an action for their recovery until he has knowledge that they have been collected by the importer.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 95.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court in favor of defendant in error, who was plaintiff below.

Einstein, Townsend & Guiterman (B. F. Einstein, of counsel), for plaintiff in error.

Howard T. Walden, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The action was brought to recover certain sums of money which had been recovered by Schmid from the government for excess of customs duties paid on various importations of tobacco. At the time such duties were collected the government classified the tobacco in a manner which the courts subsequently held not to be in conformity with Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626). Having preserved his rights by timely protests, the importer eventually recovered the amount improperly exacted from him.

The several lots of tobacco with which this suit is concerned were sold from time to time by Schmid to Dohan, and the main point in issue at the trial was as to the terms of sale. The defendant contends that they were sold at the "long price," which means that the price paid was for the goods with duty paid on them. It is conceded that on

such a sale any refunds of duty subsequently obtained would belong to the importer. Plaintiff contends that the terms were "in bond, actual duty," in which case all refunds of duty would go to the purchaser. The cause was tried by the court without a jury, and the record contains no agreed statement of facts and no special finding of facts. The practice in such cases is indicated in Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373:

"* * * The rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the court upon a writ of error, * * * and, when the finding is special, the review may extend to the sufficiency of the facts found to support the judgment; * * * but, if there be no special findings, there can be no inquiry as to whether the judgment is thus supported. We must accept the general finding as conclusive upon all matters of fact, precisely as the verdict of a jury. * * * No mere recital of the testimony, whether in the opinion of the court or in a bill of exceptions, can be deemed a special finding of facts."

There are seven assignments of error. The first is to allowing the plaintiff, when examined as a witness, to testify that he first knew of defendant getting any refunds from the government for excess of tobacco duties about January 26, 1900. The question being objected to, plaintiff's counsel stated that to one of the claims the statute of limitations was set up as a bar, and he wished to show that his client had no knowledge of the transaction. Thereupon the court stated that the objection was overruled without passing on the point of law, saying: "You can raise that point afterwards." To which disposition of the question exception was reserved. Even if it was error to admit the testimony, the error is manifestly harmless. Subsequently, at the close of plaintiff's case, defendant's counsel asked for a dismissal of the complaint so far as lot 109 is concerned, on the ground that claim for it is barred by the statute of limitations. The court denied the motion "at the present time," saying that it would "take it into consideration on the whole case." No exception was reserved, and we do not find in the record any further reference to the matter or any exception taken. Under these circumstances there seems to be nothing to which the sixth assignment of error would apply. It alleges error in allowing plaintiff to recover on lot 109, against which defendant had pleaded the statute of limitations. But, if the point be sufficiently presented, there is no merit in it. The case is not like Wood v. Young, 141 N. Y. 211, 36 N. E. 193, cited on the brief. Under "actual duty" terms of sale, the importer became the agent of the purchaser, to make protest in due form, to retain lawyers, and to prosecute the claim before Boards of Appraisers and in the courts, being entitled to reimburse himself out of the proceeds. Demand was a necessary prerequisite to recovery, and the plaintiff was in no position to make demand till he learned the facts. The remaining assignments aver that it was error to hold that the several sales were upon agreement to pay "actual duty." There being no special findings, we must accept the general finding as conclusive upon all questions of fact. There is nothing, therefore, presented by these assignments.

The judgment is affirmed.