**FIRST NAT. BANK OF BAYONNE et al. v. ANGLO-SOUTH AMERICAN BANK, Limited.**

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 130.

1. APPEAL AND ERROR ⊜⇒1008(2)—REVIEW—QUESTIONS OF FACT.
    Where a jury was waived by stipulation, the court's finding on the issues of fact had the effect and force of a verdict by a jury.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3957, 3964; Dec. Dig. ⊜⇒1008(2).]

2. BILLS AND NOTES ⊜⇒237, 496(3)—BONA FIDE HOLDERS—PRESUMPTIONS.
    The indorsement of commercial paper by a bank does not, in the absence of proof, indicate an accommodation indorsement; and, in an action involving the good faith of a subsequent purchaser, no presumption based upon the indorsement alone can be indulged in.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 564, 1665½; Dec. Dig. ⊜⇒237, 496(3).]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Anglo-South American Bank, Limited, against the First National Bank of Bayonne and another. To review a judgment entered upon the direction of the court, a jury having been waived, in favor of the plaintiff for the sum of $26,553.84, defendants bring error. Affirmed.

Barber, Watson & Gibboney, of New York City (Archibald R. Watson and Stuart G. Gibboney, both of New York City, of counsel), for plaintiffs in error.

Whitridge, Butler & Rice, of New York City (Edwin T. Rice, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1] This action was tried before Judge Grubb, a jury being waived. The Anglo-South American Bank sued the Bayonne Bank to recover upon five protested bills of exchange which were purchased by the Anglo Bank in the city of New York, in the ordinary course of business, in August and October, 1913. The purchase was made of Bierling & Son, brokers in foreign exchange, who were paid the full amount due thereon. At the time the drafts were purchased by the Anglo Bank they were indorsed by the

"First National Bank of Bayonne—George Carragan, President." The Anglo Bank thereupon stamped above the indorsement which was in blank the words, "Pay to the order of the Anglo-South American Bank, Ltd." The court found the issues of fact for the plaintiff, which has the effect and force of a verdict by a jury. In other words if a jury had been present and had found for the plaintiff on all the issues of fact, it would have had no different effect than the finding by the court after a stipulation waiving the jury. Judge Grubb says in his opinion:

"It seems to me that the Anglo-American Bank was a taker, in due course, and for value and without actual knowledge that the paper was accommodation paper, and without knowledge of any facts that would make the taking of it an act of bad faith under the New York Negotiable Instrument Act. * * * It does not seem to me that there is evidence of knowledge of facts that would make it bad faith on the part of the Anglo-American Bank to have taken the paper."

In Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373, the court said:

"If there be no special findings, there can be no inquiry as to whether the judgment is thus supported. We must accept the general finding as conclusive upon all matters of fact, precisely as the verdict of a jury."

See U. S. v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696; Schmid v. Dohan, 167 Fed. 804, 93 C. C. A. 194.

Although we might rest our opinion upon the rule thus enunciated we think it proper to say that the evidence warranted a finding that the Anglo-American Bank had no actual knowledge that it was dealing with accommodation paper or of any fact of which bad faith can be predicated.

[2] The indorsement of commercial paper by a bank does not, in the absence of proof, indicate an accommodation indorsement. No presumption can be indulged in based upon the indorsement alone. The bills of exchange on their face showed nothing to indicate that the Bayonne Bank did not own them and that its indorsement was not made in due course and intended to create a liability. It would produce endless confusion in the financial world if an indorsement so made cannot be taken for its full face value.

The judgment is affirmed with costs.