GALLE et al. v. HAMBURG AMERIKANISCHE PACKETFAHRT ACTIEN GESELLSCHAFT.

(Circuit Court of Appeals, Second Circuit.   April 11, 1916.)

No. 216.

1. APPEAL AND ERROR ⊚⇒1011(1)—REVIEW—FINDINGS.
    A finding of the trial court on conflicting evidence has the effect of a verdict, and cannot be disturbed on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3988; Dec. Dig. ⊚⇒1011(1).]

2. SHIPPING ⊚⇒132(6)—CARRIAGE OF GOODS—ACTIONS—EVIDENCE.
    In an action for injuries to cheeses damaged during ocean transportation, the question whether the injuries were caused by the perils of the sea or the unseaworthiness of the vessel held for the jury.
    [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 487; Dec. Dig. ⊚⇒132(6).]

3. ESTOPPEL ⊚⇒88(1)—"ESTOPPEL IN PAIS"—HOW RAISED.
    Where an ocean carrier declined settlement of claim for injuries to cheeses shipped in one of its vessels, suggesting that the loss resulted

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

from sea water, it is not, the complaint having generally charged negligence, estopped to set up that the injury occurred through leakage of a fresh-water tank occasioned by heavy seas, for an "estoppel in pais" arises only from such acts and declarations as induce another to change his position, and in such case the shipper did not change his position.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 235–238, 240; Dec. Dig. ☜88(1).

For other definitions, see Words and Phrases, First and Second Series, Estoppel in Pais.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Edward C. Galle and others against the Hamburg Amerikanische Packetfahrt Actien Gesellschaft. Judgment for defendant, and plaintiffs bring error. Affirmed.

This action was brought to recover for injury to certain cheese laden on steamship Hamburg, belonging to defendant in error, and alleged in the complaint to have been damaged "through the negligence and carelessness of the defendant in stowing and carrying them." The case was by stipulation tried without a jury, and the judge found as a fact that the cheese was injured by leakage from a fresh-water tank; that in respect of this tank the Hamburg was seaworthy when she began her voyage; that the leakage and consequent damage were caused by peril of the sea (i. e., heavy weather); and that therefore the loss complained of was within the exception of the bill of lading.

Griggs, Baldwin & Baldwin, of New York City (Martin Conboy, of New York City, of counsel), for plaintiffs in error.

Haight, Sandford & Smith, of New York City (Edward Sandford, of New York City, of counsel), for defendant in error.

Before COXE and ROGERS, Circuit Judges, and HOUGH, District Judge.

HOUGH, District Judge. [1, 2] This being a common-law action, the findings of fact of the trial judge have the effect of a verdict, and the weight of evidence is not a subject of consideration in this court. Flagler v. Kidd, 78 Fed. 341, 24 C. C. A. 123; Kruger v. Constable, 128 Fed. 908, 63 C. C. A. 634; Schmid v. Dolan, 167 Fed. 804, 93 C. C. A. 194; Edenborn v. Sim, 206 Fed. 275, 124 C. C. A. 339. There was evidence that the tank in question did not leak until after five or six days of heavy weather had been encountered. This alone is sufficient to have required the submission of the question of seaworthiness to a jury, had there been no waiver of that method of trial. The court having found what a jury might have found, the fact so ascertained cannot be controverted in this court —whatever may be here thought of the weight of testimony. This rule of law renders unnecessary a consideration of assignments of error based upon the admission of certain other and merely cumulative evidence.

[3] There is one point advanced requiring further consideration. It is contended that because the defendant, when presented with plaintiff's demand (nearly a year before action brought), declined settlement in a letter containing the suggestion (it was no more) that the loss complained of resulted from sea water, therefore defendant is estopped from defending in this suit on the ground that

it was a fresh-water tank that by leakage injured cargo. Undoubtedly a part of the general rule is as stated in Railroad Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, that:

"Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and different consideration."

This court has considered the decision just cited in Goodman v. Purnell, 187 Fed. 94, 109 C. C. A. 408, and the subject in Burton v. Berthold, 166 Fed. 416, 92 C. C. A. 168. See also Hine v. New York, etc., Co., 73 Fed. 852, 20 C. C. A. 63. In each of these cases we have expressly or impliedly insisted upon the reason of the rule being apparent in order to justify its application. That reason is well shown in Davis v. Wakelee, 156 U. S. at page 691, 15 Sup. Ct. at page 559, 39 L. Ed. 578, where the appellant (Davis), having in a previous legal proceeding succeeded in upholding the validity of a certain judgment, contended in the cause then under consideration that it was invalid. Brown, J., said:

"It is contrary to the first principles of justice that a man should obtain an advantage over his adversary by asserting and relying upon the validity of a judgment against himself, and in a subsequent proceeding upon such judgment" claim it to be invalid.

Estoppel in pais only arises from such acts and declarations as by reasonable intendment induce another to alter his position injuriously to himself, or enable the first party to reap a personal benefit from what was said or done. This case falls far short of measuring up to the rule. There is no evidence that plaintiff relied upon the statement made, or changed his position by reason thereof, of which perhaps the best evidence is the form of the complaint, which assigns an act of negligence having no necessary or apparent relation to water, either fresh or salt.

The judgment is affirmed with costs.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes