JOSEPH DEMARCO, Respondent, v. PICKETT MOTOR SALES, INC., Appellant.

Fourth Department, June 30, 1931.

Ross & Erickson [Alton R. Erickson of counsel], for the appellant.

Michael D. Lombardo [Clarence G. Pickard of counsel], for the respondent.

PER CURIAM. While the County Court in affirming the judgment in this case seems to have treated it as one for conversion, the judgment, however, cannot be sustained as a recovery for a tort because of the absence of a demand. (MacDonnell v. Buffalo L., T. & S. D. Co., 193 N. Y. 92.) The complaint, however, stated facts constituting a cause of action in contract. There is testimony showing that defendant received and sold plaintiff's automobile under an agreement between it and the plaintiff whereby it was to sell the plaintiff's car, receive the proceeds to and for the use of the plaintiff. In such case a duty to pay over

the proceeds is inferred and no demand is necessary. (*Wood* v. *Young*, 141 N. Y. 211; *Mills* v. *Mills*, 115 id. 80.)

It is true that the complaint contains a statement that the defendant converted the proceeds of the sale to its own use. But, under the circumstances, this allegation can be treated as surplusage and the case viewed as one in contract. (*Segelken* v. *Meyer*, 94 N. Y. 473; *Lange* v. *Schile*, 111 App. Div. 613; *Fyfe* v. *Jackson*, 55 id. 74.)

We reach the conclusion that the complaint stated a cause of action in contract, that the proof fully sustained the allegations of the complaint as an action in contract and that the judgment is one in contract *secundum allegata et probata*.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment affirmed, with costs.