GORDON J. RILEY, Plaintiff, *v.* FIRST NATIONAL BANK OF BINGHAMTON, Defendant.

Supreme Court, Onondaga County, May 24, 1934.

*Albert Orenstein,* for the plaintiff.

*Hinman, Howard & Kattell [A. Lawrence Abrams* of counsel], for the defendant.

PERSONIUS, J. The complaint alleges that on or about October 1, 1917, the plaintiff, while serving in the United States army, allotted from his pay ten dollars per month for nine months and nine dollars and fifty cents for the tenth month to the defendant; that the allotments were authorized to be paid on the first of each month from October 1, 1917, to July 1, 1918, inclusive, and that the sum of ninety-nine dollars and fifty cents was " deposited by the plaintiff " through the government " with the defendant." It further alleges that said total sum was to be used for the purchase of a one hundred dollar Second Liberty loan bond, and that following plaintiff's discharge he demanded of the defendant delivery of said bond, or its equivalent in cash, which was refused. *The complaint demands money judgment with interest from July 1, 1918.* It seems to be conceded that the six-year Statute of Limitations applies. From what date is the time to be computed? Did plaintiff's action accrue only on his demand or when the total deposit was received by the bank on July 1, 1918?

The plaintiff argues that the exceptions under section 15 of the Civil Practice Act apply, and that, therefore, the time is to be computed from the demand. If so, the date of the demand *not* appearing in either complaint or affidavit, the complaint could not be dismissed under rule 107, subdivision 6.

The exception contained in subdivision 1 of said section does not apply, *first,* because the bank was not acting in a fiduciary capacity, and, *second,* even if it was, the time would be computed " from the time when the person [plaintiff] having the right to make the demand had actual knowledge of the facts upon which that right depends." The plaintiff at all times had this knowledge. He made the allotments. He knew when the deposits with the defendant began and ended and when the defendant should have used them in the purchase of a Liberty bond. The only thing that savors of a trust

relationship is the fact that the money was to be so used. This is not sufficient. (*Gray* v. *First National Bank & Trust Co. of Yonkers*, 263 N. Y. 479; *Adams* v. *Olin*, 140 id. 150, 157.) As to the effect of the plaintiff's knowledge of the facts giving him the right to make a demand, see *Wood* v. *Young* (141 N. Y. 211, 217, 218) and *Adams* v. *Olin* (*supra*).

The exception contained in subdivision 2 of said section 15 does not apply. That exception applies where there is a deposit of money, not to be repaid at a fixed time, *but only upon a special demand*. In *Wood* v. *Young* (*supra*) the defendant's testator collected insurance money for plaintiff under a power of attorney and retained it. The court said (at p. 217): "The law imposed upon him [the defendant's testator] the obligation to pay it over to the plaintiff as soon as received, or at least within a reasonable time. There was nothing in the circumstances * * * from which the right or duty can be.implied to hold it until actually called for by the owner. The obligation of the party who has received the money in such cases to pay it over, and his liability in an action to recover the same, without any demand before suit has been firmly settled." In *Adams* v. *Olin* (*supra*) a husband handled funds of his wife, kept a separate account thereof, sold securities, bought securities, collected interest, dividends and paid bills. The court not only held that the first subdivision of said section 15, formerly section 410 of the Code of Civil Procedure, did not apply, but that the second subdivision was also inapplicable, saying (at p. 157): " we are without any evidence that there was any agreement, or undertaking, with respect to a time of repayment or return of the moneys or the property. The clear construction of that provision of the Code is that, in the absence of any agreement or understanding as to a repayment of moneys deposited * * * the lapse of six years operates to defeat any claim." So here we have no allegation to the effect that the deposit was to be repaid " only upon a special demand."

When the bank had received the deposit, it was obligated to buy a Liberty Loan bond. If it did not do so, the plaintiff could immediately have sued for his money. If it did, he could immediately have sued for his bond. (See, also, *Demarco* v. *Pickett, etc., Inc.*, 233 App. Div. 239.)

In *Dumbadze* v. *Lignante* (244 N. Y. 1), cited by the plaintiff, the facts were entirely dissimilar. The court (at p. 8) recognized the distinction and the authority of *Wood* v. *Young* (*supra*).

Motion granted. Submit order.