LENA M. IRWIN, Respondent, v. CHARLES J. TAGLIABUE MANUFACTURING COMPANY, Appellant.— Action to recover specified portions of the proceeds of certain life insurance policies. The proceeds were paid to the defendant on June 26, 1936, and June 29, 1936. The action to recover, based on a breach of alleged agreements, made during the lifetime of the insured, to pay the same to the plaintiff, was begun on July 12, 1945. The defendant moved under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the two causes of action therein were barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48.) The plaintiff contended that the ten-year Statute of Limitations was applicable. (Civ. Prac. Act, § 53.) Order denying defendant's motion to dismiss the complaint reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. The alleged causes of action set out in the complaint are barred by section 48 of the Civil Practice Act. (Mills v. Mills, 115 N. Y. 80; Wood v. Young, 141 N. Y. 211; Keys v. Leopold, 241 N. Y. 189; Cohen v. Hughes, 291 N. Y. 698.) Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

In the Matter of SALVATORE C. GIANGRANDE, Appellant, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Order denying appellant's petition to annul his retirement for disability, to reinstate him as a high school teacher, and for other relief, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

In the Matter of the Reopening of the Probate of the Will of BARBARA MILLER, Deceased. LAWRENCE B. MILLER, Appellant; SADIE T. FOOTE, as Administratrix C. T. A. of the Estate of BARBARA MILLER, Deceased, Respondent.— Order of the Surrogate's Court, Orange County, denying an application to vacate and set aside a decree admitting to probate a writing as the last will and testament of the decedent, and to open the probate proceedings so that the petitioner, an alleged adopted son of the decedent, may be cited and appear therein, affirmed, without costs. While the language in some of the papers submitted on the application for adoption makes it appear that the intention was that both husband and wife were adopting the petitioner, the order is clear that the adoption was by the husband only. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [See 270 App. Div. 810.]